IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUIZ CESAR DE MENDONCA, ALSO KNOWN AS LUIZ CESAR CARVALHO DE MENDONCA AND LUIZ CEZAR CARVALHO DE MENDONCA, IN HIS INDIVIDUAL CAPACITY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHERILYN BURKE DE MENDONCA ALSO KNOWN AS SHERI BURKE DE MENDONCA AND SHERI LYN B D MENDONCA,<br><br>           Plaintiffs,<br><br>      vs.<br><br>WEST COAST LIFE INSURANCE COMPANY, A NEBRASKA DOMESTIC FOR-PROFIT CORPORATION; PROTECTIVE LIFE INSURANCE COMPANY, A TENNESSEE DOMESTIC FOR-PROFIT CORPORATION; ASB HAWAII, INC.; AMERICAN SAVINGS BANK; AND DOE DEFENDANTS 1-50,<br><br>           Defendants. | CIVIL NO. 15-00359 JMS-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION TO REMAND[1]

Before the Court is Plaintiffs' Motion to Remand, filed November 23, 2015 ("Motion"). ECF No. 29. Plaintiffs assert that remand is appropriate because the addition of ASB Hawaii,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Inc. and American Savings Bank (collectively, "Defendant ASB") as defendants in Plantiffs' Amended Complaint divests the Court of diversity jurisdiction.  ECF No. 29-1 at 3; see also ECF No. 23.  Defendant ASB filed an Opposition to Plaintiffs' Motion on December 7, 2015.  ECF No. 35.  Defendants West Coast Life Insurance Company and Protective Life Insurance Company (collectively, "West Coast Defendants") filed a Response to the Motion on December 7, 2015.  ECF No. 36.  The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 30.  After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that the district court GRANT Plaintiffs' Motion.

BACKGROUND

Plaintiffs commenced this action in the Circuit Court of the First Circuit, State of Hawaii, alleging various state law claims against the West Coast Defendants, based on the cancellation of Sherilyn De Mendonca's life insurance policy.  See ECF No. 1-2.  The West Coast Defendants filed a Notice of Removal on September 10, 2015, asserting diversity jurisdiction.  ECF No. 1.  Subsequently, Plaintiffs filed a motion to amend their complaint, which the Court granted based on a lack of opposition.  ECF Nos. 21, 22.  Plaintiffs' Amended Complaint alleges that Ms. De Mendonca paid the premiums for her life

insurance policy by entering into an automatic payment agreement with the West Coast Defendants in December 2008.  ECF No. 23 ¶ 17.  Pursuant to the agreement, the West Coast Defendants would automatically debit Ms. De Mendonca's checking account, held by Defendant ASB, in the amount of her premium every month.  Id.  Plaintiffs' Amended Complaint asserts claims for breach of contract and unfair and deceptive trade acts or practices under Hawaii Revised Statutes Section 480-2 against Defendant ASB, based on Defendant ASB's decision not to authorize an overdraft of Ms. De Mendonca's checking account in order to pay her July 2014 life insurance premium.  Id. ¶¶ 92-110.  Plaintiffs argue that the addition of Defendant ASB destroys diversity jurisdiction in this case and that therefore the case must be remanded pursuant to 28 U.S.C. § 1447(e).  See ECF No. 29-1.  Defendant ASB argues that this Court retains jurisdiction over this case because Plaintiffs' Amended Complaint states a federal question.  See ECF No. 35.

## DISCUSSION

Removal of an action from state court to federal court is proper if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  However, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The issue of whether federal question jurisdiction under Section 1331 exists is governed by the "well-pleaded complaint rule." See Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). The rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 392. The "complete preemption doctrine" is an exception to the "well-pleaded complaint rule" and applies where the "pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. at 393 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).

In order for this Court to retain jurisdiction over this action in the absence of diversity jurisdiction, Defendants must show that Plaintiffs' complaint presents a federal question. See 28 U.S.C. § 1331. As noted above, this can be accomplished by showing that Plaintiffs' complaint states a federal question on its face or by showing that Plaintiffs' state law claims are completely preempted by federal law.

First, the Court finds that Plaintiffs' complaint, on its face, alleges only state law causes of action against Defendants. Plaintiffs assert claims for breach of implied

4

covenant of good faith and fair dealing, bad faith, breach of contract, unfair and deceptive trade acts or practices, and intentional infliction of emotional distress against the West Coast Defendants, and claims for breach of contract and unfair and deceptive trade acts or practices against Defendant ASB. See ECF No. 23.  These claims are all based in state statutory and common law.  Therefore, on its face, Plaintiffs' Amended Complaint alleges only state law causes of action and cannot confer federal question jurisdiction without a showing of complete preemption.

Second, Defendant ASB has not met its burden of showing that Plaintiffs' state law claims are completely preempted.  The Supreme Court has only found that a federal statute completely preempts state law claims in three instances:  Section 301 of the Labor Management Relations Act, Section 1132 of the Employee Retirement Income Security Act, and Sections 85 and 86 of the National Bank Act.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003).  Complete preemption exists only where Congress intended that the federal statute provide the "exclusive cause of action" for a plaintiff's claims.  See id. at 9.

Defendant ASB argues that the comprehensive regulations that governed federal savings and loan associations under the Home Owners Loan Act ("HOLA") and the Office of Thrift Supervision ("OTS") support federal question jurisdiction.  See ECF No. 35.  These arguments are unavailing, however, because

they speak to the wrong preemption standard.  The authority relied upon by Defendant ASB may support a defense of federal preemption, but fails to satisfy the requirements for a finding of complete preemption because it does not establish that Congress intended HOLA to provide an exclusive cause of action. "Simply raising a preemption defense is not equivalent to having complete preemption."  Bolden v. KB Home, 618 F. Supp. 2d 1196, 1202 (C.D. Cal. Jul. 24, 2008).  Additionally, the regulations cited to by Defendant ASB contain savings clauses, further undercutting the proposition that the regulations completely preempt state law.  See 12 C.F.R. § 557.13(a) ("The OTS has not preempted the following types of state law, to the extent that the law only incidentally affects your deposit-related activities or is otherwise consistent with the purposes of § 557.11: (1) Contract and commercial law; (2) Tort law; and (3) Criminal law.")[2]  Other courts examining this issue have reached similar conclusions.  See Bolden, 618 F. Supp. 2d 1196 (finding that HOLA does not have the preemptive force required for complete preemption of state law claims because it does not provide an

---

[2] The parties dispute whether Plaintiffs' claims are governed by OTS regulations or regulations promulgated by the Office of the Comptroller of Currency ("OCC") after the enactment of the Dodd-Frank Act.  See ECF No. 35 at 28; ECF No. 39 at 13. While OTS regulations contain an express field preemption provision, the OCC "disavowed full field preemption."  See Aguayo v. U.S. Bank, 653 F.3d 912, 922 (9th Cir. 2011).  Because the Court finds that Plaintiffs' claim are not completely preempted even under the more stringent OTS regulations, the Court need not address which set of regulations controls here.

exclusive cause of action, does not contain language illustrating an intent to completely preempt all state regulation, and specifically exempts particular state laws from the statute's preemptive scope); see also Bazan v. U.S. Bancorp, No. 10-CV-03265, 2011 WL 566804 at *4 (N.D. Cal. Feb. 14, 2011) (stating that district courts within the Ninth Circuit have concluded HOLA and its implementing regulation do not have the effect of complete preemption and finding the same).  To the extent Defendant ASB claims that its compliance with model disclosures satisfies complete preemption requirements, it has not provided any authority to support that conclusion.  See id. at 26.  Therefore, the Court finds that Defendant ASB has failed to show that Plaintiffs' claims are completely preempted by federal law.  Because the joinder of Defendant ASB defeats diversity jurisdiction and Defendant ASB has failed to show that Plaintiffs' complaint presents a federal question, the Court finds that it lacks subject matter jurisdiction in this case.

## CONCLUSION

In accordance with the foregoing, the Court FINDS that it lacks subject matter jurisdiction in this action and RECOMMENDS that the district court GRANT Plaintiffs' Motion to Remand this action to the First Circuit, State of Hawaii.  See 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 8, 2015.



_____
Richard L. Puglisi
United States Magistrate Judge

**DE MENDONCA, ET AL. V. WEST COAST INSURANCE COMPANY, ET AL.; CIVIL NO. 15-00359 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION TO REMAND**