IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LUIZ CESAR DE MENDONCA, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> WEST COAST LIFE INSURANCE COMPANY, ET AL., <br><br> Defendants. | CIV. NO. 15-00359 JMS-RLP <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION, AND REMANDING ACTION TO THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII |

### ORDER ADOPTING FINDINGS AND RECOMMENDATION, AND REMANDING ACTION TO THE FIRST CIRCUIT COURT OF THE STATE OF HAWAII

### I. INTRODUCTION

Defendants ASB Hawaii, Inc., and American Savings Bank (collectively "ASB") object under 28 U.S.C. § 636(b)(1) and Local Rule 72.4 to a January 8, 2016 Findings and Recommendation of Magistrate Judge Richard Puglisi to Grant Plaintiffs' Motion to Remand, Doc. No. 40 ("the January 8, 2016 F&R"). *See* Doc. No. 41.  The January 8, 2016 F&R recommended that the court remand this action to the First Circuit Court, State of Hawaii ("State Court") for lack of subject matter jurisdiction.  It determined that Plaintiffs' state law claims for breach of contract and violations of Hawaii Revised Statutes ("HRS") § 480-2

against ASB did not present a federal question under the complete preemption doctrine set forth in *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) and similar cases. Upon de novo review, the court agrees that the complete preemption doctrine does not apply, and that the Amended Complaint does not otherwise present a substantial federal question. Accordingly, the court OVERRULES the objection, ADOPTS the January 8, 2016 F&R, and REMANDS the action to State Court for lack of federal subject matter jurisdiction.

## II. BACKGROUND

Plaintiffs' original Complaint alleged that Defendants West Coast Life Insurance Company and Protective Life Insurance Company (collectively, "West Coast Defendants") are liable for insurer bad faith, breach of contract, and other state-law causes of action regarding a failure to pay benefits under a life insurance policy issued to Sheri De Mendonca, who passed away in 2015. *See* Doc. No. 1-2, Compl. The West Coast Defendants removed the original Complaint from State Court based on diversity of citizenship. *See* Doc. No. 1, Notice of Removal.

After removal, Plaintiffs filed a Motion seeking leave to file a First Amended Complaint ("FAC") that repeated the allegations against the West Coast Defendants but also joined ASB -- corporate entities with the same citizenship as

Plaintiffs -- as Defendants, asserting state-law claims against them for breach of contract and violations of HRS § 480-2. Doc. No. 23. The motion to amend was granted, and Plaintiffs filed the FAC on November 9, 2015. Doc. Nos. 22, 23. Because this amendment destroyed diversity of citizenship, Plaintiffs moved to remand the action under 28 U.S.C. §§ 1447(e).[1] Doc. No. 29. The January 8, 2016 F&R recommended granting Plaintiffs' Motion to Remand. Doc. No. 40. ASB filed its Objection on January 22, 2016, Doc. No. 41, and Plaintiffs filed their Response on February 5, 2016. Doc. No. 45.

As to ASB, the FAC challenges the manner in which ASB ceased paying monthly premiums on Sheri De Mendonca's life insurance policy.[2] The

---

[1] Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Caselaw indicates that after a district court permits joinder of a non-diverse party, it must remand -- it lacks power to take other actions. *See, e.g.*, *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (holding that, once such amendment was permitted, the district court lacked power to deny remand even if it determined that the new non-diverse defendants were fraudulently joined); *Yniques v. Cabral*, 985 F.2d 1031, 1035, 1036 (9th Cir. 1993) (holding that the district court erred in dismissing a case for lack of jurisdiction -- rather than remanding under § 1447(e) -- after permitting an amendment that destroyed diversity of citizenship). But here, although it is undisputed that joining ASB as Defendants destroyed diversity of citizenship, ASB contends that the court otherwise has subject matter jurisdiction over the FAC under a complete preemption or substantial federal question theory. Section 1447(e) speaks in terms of whether joinder would destroy "subject matter jurisdiction," not solely diversity jurisdiction. Essentially, the argument is that § 1447(e) does not require remand because the FAC -- although destroying *diversity* jurisdiction -- did not destroy subject matter jurisdiction where the FAC otherwise added claims that are completely-preempted, or that necessarily raise significant federal issues.

[2] The court focuses on the allegations against ASB given that ASB is objecting to the
(continued...)

FAC alleges that, for nearly seven years, the premiums were being paid via automatic deduction from Sheri De Mendonca's ASB checking account. FAC at 2. It alleges that she had "overdraft protection," whereby ASB was supposed to make automatic payments (such as her life insurance premiums) even if the account was overdrawn, subject to overdraft fees. *Id.* at 4; 11 ¶ 20. The West Coast Defendants had cancelled the life insurance policy in September 2014 (allegedly without providing proper or sufficient notice) after a July 23, 2014 premium was not paid. Regarding that July 2014 premium, the FAC alleges:

> [ASB] indicated a "subtraction" from her account on July 23, 2014 in the amount of $43.68, payable to "WEST COAST LIFE INS. PREM," with the next entry of "OVERDRAFT FEE Insufficient Funds." However, on the very next day [ASB] posted an *addition* of the $43.68 back into Sheri's account. [ASB] never sent any notice to Sheri that it was declining West Coast Life Insurance's request for payment, even though in its published representations regarding overdraft it had represented that it would authorize and pay overdrafts for "automatic bill payments."

*Id.* at 4. It alleges the "[t]he July 23, 2014 posting of 'OVERDRAFT FEE Insufficient Funds' with [a] subtraction of $30.00 in no way identified to what specific transaction the overdraft fee applied, and directly followed the West Coast

---

²(...continued)
F&R. That is, the court need not set forth the facts alleged against the West Coast Defendants, who have not taken a position regarding ASB's objection.

Life 'subtraction.'" *Id.* ¶ 36. And it claims that "Defendant ASB did not notify [Plaintiffs] that [ASB] was now implementing a new policy whereby [ASB] would decline their automatic bill payments when they had insufficient funds." *Id.* ¶ 34. It explains:

> [ASB's] false and deceptive representations regarding courtesy overdraft, its confusing manner of posting transactions, and failure to notify Sheri that it would decline West Coast's $45.68 request for payment after apparently paying it, in conjunction with West Coast and Protective Life's wrongful revocation of the automatic payment agreement and cancellation of Sheri's policy, all without proper notice, has given rise to a broad number of harms to [Plaintiffs].

*Id.* at 5.

The FAC further alleges that "Neither [Plaintiff] authorized Defendant ASB to decline any automatic bill payment request by the West Coast Defendants, and they received no notice from Defendant ASB that the West Coast automatic bill payment request had been declined for any reason." *Id*. ¶ 41.

Claiming a breach of contract against ASB, the FAC alleges that overdraft protection was an essential term of the ASB checking account. *Id.* ¶ 93. Plaintiffs "relied to their detriment on Defendant ASB's representations that ASB would cover any automatic bill payments, even when their account was overdrawn, subject to overdraft fees." *Id.* ¶ 94. "Defendant ASB breached the

checking account agreement with [Plaintiffs] when the bank unilaterally rescinded the overdraft transaction to West Coast Life of July 23, 2014 and instituted an 'addition' to their overdrawn account the following day." *Id.* ¶ 95.

In its HRS § 480-2 claim, the FAC alleges that "ASB made false and deceptive representations regarding ASB's authorization and payment of automatic bill payments presented when a consumer's account was overdrawn." *Id.* ¶ 102. In particular, it refers to an ASB publication titled "What You Need to Know About Overdrafts and Overdraft Fees." *Id.* ¶¶ 104-05. The § 480-2 claim, however, is not limited to the wording of that publication. For example, it further alleges that "[t]he manner in which Defendant ASB posts its overdraft fee transactions, without any identifying information as to which transaction the overdraft fee applies, is misleading, false and deceptive." *Id.* ¶ 106. It claims that "Defendant ASB engaged in a deliberate, fraudulent, and manipulative scheme in which they offered Plaintiffs overdraft protection for a fee, took actions that made it appear as if it had instituted that overdraft protection but on the following day rescinded that overdraft transaction, resulting in the non-payment to West Coast Life." *Id.* ¶ 107.

///

///

### III.  STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

///

///

## IV.  **DISCUSSION**

ASB's objection raises the complete preemption exception to the well-pleaded complaint rule.  *Metropolitan Life Insurance Co.* explains:

> Federal pre-emption is ordinarily a federal defense to the plaintiff's suit.  As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.  One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.

481 U.S. at 63-64 (internal citation omitted).  ASB argues that the FAC is completely preempted by the federal Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1464, and its Office of Thrift Supervision ("OTS") implementing regulations that regulate deposit-related activities of federally-chartered savings associations.[3]

Without repeating the analysis, however, the court -- having reviewed the parties' filings on the Motion to Remand and ASB's objection, and analyzed applicable caselaw -- agrees with the reasoning stated in substantial authority

---

[3] The Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010), among other things, replaced the OTS in 2011 with the Office of the Comptroller of the Currency ("OCC"), which "explicitly disavowed full field preemption." *Aguayo v. U.S. Bank*, 653 F.3d 912, 922 (9th Cir. 2011).  As noted in the January 8, 2016 F&R, the court need not decide whether the FAC is governed by OTS or OCC regulations because the court concludes that the FAC is not completely preempted under a more stringent OTS regime.

within the Ninth Circuit and elsewhere rejecting this theory of complete preemption. *See, e.g.*, *Bolden v. KB Home*, 618 F. Supp. 2d 1196, 1204-05 (C.D. Cal. 2008); *Bazan v. U.S. Bancorp.*, 2011 WL 566804, at *4 (N.D. Cal. Feb. 14, 2011); *Wilburn v. IndyMac Bank, F.S.B.*, 2011 WL 2174608, at *2 (E.D. Cal. June 2, 2011); *Durazo v. Cal.-Western Reconveyance Corp.*, 2013 WL 3810706, at *2 (S.D. Cal. July 22, 2013); *McKenzie v. Ocwen Fed. Savings Bank FSB*, 306 F. Supp. 2d 543, 545 (D. Md. 2004).

"Complete preemption . . . arises only in 'extraordinary' situations." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003). It applies "when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citing *Metro. Life Ins. Co.*, 481 U.S. at 65-66). "It is a narrow exception[.]" *Bazan*, 2011 WL 566804, at *3. "Indeed, the Supreme Court has identified only three federal statutes that have the 'unusually powerful pre-emptive force' required to completely preempt state law for purposes of removal jurisdiction." *Id.* (quoting *Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 6-7, 11 (2003) (some editorial marks omitted). HOLA is not one of them.

And ASB has not demonstrated such an extraordinary situation here,

particularly where -- as analyzed by *Bazan* and many other cases -- "the OTS regulation includes an express savings clause that preserves broad categories of state law from preemption." *Id.* at *4. At best, ASB has identified a *defense* of preemption, which differs from the complete preemption doctrine at issue in Plaintiffs' Motion to Remand. *See, e.g.*, *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).

Nor does the FAC present a "substantial federal question." Under this doctrine, federal jurisdiction may arise when a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). But this is also a very limited exception given "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The exception is only for a "special and small category" of cases. *Empire Healthchoice Assurance v. McVeigh*, 547 U.S. 677, 699 (2006). "[T]he fact that a complaint references federal law, or that the same facts would provide a basis for a

10

federal claim, without more, does not convert a state law claim into a federal claim." *Bazan*, 2011 WL 566804, at *5 (citations omitted).

Here, contrary to ASB's arguments, the FAC is not restricted to challenging the contents or form of a notice that might have been approved by the OTS. For example, it challenges ASB's "confusing manner of posting transactions," and ASB's alleged "failure to notify Sheri that it would decline West Coast's $45.68 request for payment after apparently paying it." FAC at 5. It alleges that ASB failed to identify "to what specific transaction the [30 dollar] overdraft fee applied." *Id.* ¶ 36. In short, it alleges that ASB breached a contract providing overdraft protection, and did not properly inform Plaintiffs that it was no longer paying the life insurance premiums.[4] Again, at best, ASB might have a defense of preemption to some aspects of Plaintiffs' claims for breach of contract and violations of § 480-2. But federal law is not a necessary element of all aspects of both claims, and so the substantial federal question doctrine does not apply. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("When a claim can be supported by alternative and independent theories -- one of which is a

---

[4] The court thus rejects ASB's argument that "[t]he lynchpin for all" of Plaintiffs' allegations is their "underlying claim that ASB's overdraft disclosure form (the 'Disclosures'), which are modeled on the Federal Reserve's model disclosure form, was deceptive and unfair and that ASB, in fact, breached the terms of its Disclosures[.]" Doc. No. 41, Obj. at 3. The form may be part, but is certainly not all, of Plaintiffs' allegations.

state law theory and one of which is a federal law theory -- federal question jurisdiction does not attach because federal law is not a necessary element of the claim.") (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).

## V. CONCLUSION

Based on the foregoing, the court ADOPTS the January 8, 2016 Findings and Recommendation to Grant Plaintiffs' Motion to Remand.  The objection of Defendants ASB Hawaii, Inc., and American Savings Bank is OVERRULED.  The action is REMANDED forthwith to the First Circuit Court of the State of Hawaii for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 1, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*De Mendonca et al. v. West Coast Life Ins. Co.*, Civ. No. 15-00359 JMS-RLP, Order Adopting Findings and Recommendation, and Remanding Action to the First Circuit Court of the State of Hawaii